Jonathan B. Stepanian, Esq.                Attorney for Plaintiff
Attorney I.D. No. 89147
jbstepanian@mqblaw.com
McQuaide Blasko Law Offices
600 Centerview Drive, Suite 5103
Hershey, PA  17033
(717) 531-1199
FAX (717) 531-1193

## UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH J. DRABICK, M.D., | Case No.: |
| Plaintiff, vs. | COMPLAINT |
| KATHLEEN SEBELIUS, Secretary, U.S. Department of Health and Human Services, and her Successors; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; NATIONAL PRACTITIONER DATA BANK, an Entity of and Run by the U.S. Department of Health and Human Services; UNITED STATES ARMY, UNITED STATES ARMY MEDICAL COMMAND; COL DOREEN M. LOUNSBERY, Chief, Quality Management Division, Directorate of Health Policy and Services of the United States Army, and her Successors; LTG ERIC B. SHOOMAKER, Surgeon General / Commander, United States Army, United States Army Medical Command, and his Successors, | |
| Defendants | |

## COMPLAINT

-1-

Plaintiff Joseph J. Drabick, M.D. ("Dr. Drabick") files the within Complaint

and avers as follows in support thereof:

## Jurisdiction and Venue

1.      Jurisdiction in this court is based on 5 U.S.C. § 701, *et seq.*

(Administrative Procedures Act) and 28 U.S.C. § 1331 (federal question) in that

this Complaint involves final agency action made reviewable by statute for which

there is no other adequate remedy in a court of competent jurisdiction, federal

claims under the Fourteenth Amendment to the United States Constitution, and 42

U.S.C. § 1983.

2.      Venue is based on 28 U.S.C. § 1391(e)(3) in that the Plaintiff resides

in this District and no real property is involved in this claim.

## Parties

3.      Dr. Drabick is a resident of Hershey, Dauphin County, Pennsylvania.

Dr. Drabick was the subject of a Medical Malpractice Payment Report ("MMPR")

filed with the National Practitioner Data Bank ("NPDB") by COL Doreen M.

Lounsbery, Chief, Quality Management Division, United States Army.

4.      Dr. Drabick is a Board Certified physician specializing and practicing

in the area of Hematology / Oncology.  Dr. Drabick presently practices at the

Milton S. Hershey Medical Center in Hershey, Pennsylvania, but previously was a

Hematologist / Oncologist in the United States Army at the Walter Reed Army Medical Center.

5.      Defendant Kathleen Sebelius is the Secretary of Health and Human Services ("Secretary"), duly appointed, qualified, and acting as the administrative head of such agency.  As such, she is responsible for its acts including the Secretarial Review Decision issued by the Department of Health and Human Services on June 23, 2010.

6.      Defendant United States Department of Health and Human Services is the federal agency designated under the Health Care Quality Improvement Act of 1986, 42 U.S.C. § 11101 *et seq.* ("HCQIA") to handle and oversee the receipt and filing of reports from health care entities such as the United States Army and the Walter Reed Army Medical Center which reports are mandatory under HCQIA and include MMPRs.

7.      Defendant National Practitioner Data Bank is an entity of and run by the United States Department of Health and Human Services.

8.      Defendant United States Army, United States Army Medical Command is an entity that operates the Walter Reed Army Medical Center, where Dr. Drabick was employed as a physician during the time in question.

9.      Defendant COL Doreen M. Lounsberry is the Chief of the Quality Management Division, Directorate of Health Policy and Services of the United

States Army.  Defendant Lounsbery was responsible for determining whether to file an MMPR of Dr. Drabick to the NPDB and filed the MMPR at issue in this action.

10.     Defendant LTG Eric B. Shoomaker is the Surgeon General / Commander of the United States Army, United States Army Medical Command. As such, he is responsible for its acts including providing a defense to Dr. Drabick in connection with the medical malpractice action referred to within paragraph 11, below and whether to file an MMPR of Dr. Drabick to the NPDB.

Facts

11.     This action arises from the United States' $1,000,000.00 settlement of a medical malpractice action filed by the Estate of Peter J. Tsankis, *et al*, in the United States District Court for the District of Columbia, Civil No. 05-0320-EGS (the "Tsankis action").

12.     Pursuant to the HCQIA, certain information related to payments made for the benefit of physicians in settlement of medical malpractice actions or claims must be reported to the NPDB.  The NPDB serves as a clearinghouse to obtain and disseminate information on, *inter alia*, medical malpractice payments made for the benefit of physicians.

13.     Dr. Drabick was not named as a defendant in the Tsankis action and his care and treatment of Mr. Tsankis was not criticized anywhere within the

Complaint or subsequent amendment filed by the plaintiff in that case.  Moreover,

it is believed and therefore averred that Dr. Drabick was not named or identified

anywhere within the Release effectuating settlement of the Tsankis action.

14.     Dr. Drabick had no knowledge, involvement, or contact whatsoever

from the United States, the United States Army, the Walter Reed Army Medical

Center, or any other entity or individual acting on behalf of the defense in the

Tsankis action throughout the entire pendency of that action referenced within

paragraph 11, above.

15.     Dr. Drabick was never served with the Complaint in the Tsankis

action nor was a copy of the Complaint ever provided to Dr. Drabick by the United

States.

16.     Dr. Drabick was never contacted or interviewed by any representative

of the United States, including the United States Army or the United States

Attorney's Office, at any point throughout the defense and pendency of the Tsankis

action.

17.     The first time Dr. Drabick was made aware of the Tsankis action was

by letter dated July 28, 2008 – three years after the action was filed – within which

Defendant Lounsbery advised Dr. Drabick that "[t]he United States Government

paid a $1,000,000.00 medical malpractice claim on the behalf of Peter Tsankis for

treatment he received while a patient at Walter Reed Army Medical Center during

the period January 7, 2000 – March 28, 2002." Although this was the first time

that Dr. Drabick was made aware of the medical malpractice action, the letter

noted that he was "identified as a significantly involved provider in the care of this

patient."

18.    Despite the letter authored by Defendant Lounsbery being dated July

28, 2008, Dr. Drabick did not actually receive the letter until September 6, 2008.

19.    Regardless, as of July 28, 2008, the medical malpractice action filed

on behalf of the Estate of Peter Tsankis was settled and closed with absolutely no

input from or participation by Dr. Drabick in the defense of the case.

20.    Within Defendant Lounsbery's July 28, 2008 letter, she advised Dr.

Drabick that a review panel would determine whether the standard of care was met

in his management of Mr. Tsankis and that a potential outcome of the panel's

activity may be a report of him to the NPDB. Dr. Drabick was invited to provide,

in writing, "any additional clinical or other extenuating information on [his] behalf

for consideration" by the review panel.

21.    The United States Army convened the review panel to evaluate

whether Dr. Drabick met the standard of care in his treatment of Mr. Tsankis

notwithstanding the fact that Dr. Drabick was never identified as a defendant in the

Tsankis action and was never criticized for providing treatment below the standard

of care within the Complaint or subsequent amendments filed by the plaintiff in

that action

22.     Based on the documents provided to Dr. Drabick by Defendant

Lounsbery within her letter dated July 28, 2008, Dr. Drabick provided a timely

written response within two days of his receipt of the letter for consideration by the

review panel and in opposition to any report of him to the NPDB.

23.     Within his response, Dr. Drabick detailed, *inter alia*, the following

with regard to his participation in Mr. Tsankis's care:

a.  Mr. Tsankis was referred to the Walter Reed Army Medical Center

    Medical Oncology office for chemotherapy treatment following

    surgical resection of a stage III rectal cancer;

b.  Walter Reed Army Medical Center Hematology-Oncology Fellow Dr.

    Jasmine Daniels saw Mr. Tsankis and subsequently reviewed the case

    with Dr. Drabick;

c.  During his review of the case with Dr. Daniels, Dr. Drabick directed

    that Mr. Tsankis be administered a standard chemotherapeutic

    regimen of 5FU at 425 mg/m2 with concurrent leucovorin at 20

    mg/m2 or alternatively 500 mg/m2 of 5FU alone with no leucovorin.

    Dr. Drabick further provided Dr. Daniels with medical literature on

    this topic and the chemotherapeutic regimen;

d.  Leucovorin intensifies the activity of 5FU, which is why Dr. Drabick directed that Mr. Tsankis be administered a reduced dose of 5FU if concurrent leucovorin was also administered;

e.  Dr. Daniels ordered that Mr. Tsankis be administered 5FU at 425 mg/m2 with leucovorin at 20 mg/m2.  Dr. Drabick reviewed this order, agreed with it, and signed off on it;

f.  Unbeknownst to Dr. Drabick at the time, a pharmacist at Walter Reed Army Medical Center contacted Dr. Daniels and advised her that the 5FU dose should be increased to 500 mg/m2.  Dr. Daniels, apparently deferring to the expertise of the pharmacist, agreed to the increased dosage without consulting Dr. Drabick or requesting his input;

g.  Although Dr. Daniels, pursuant to the pharmacist's recommendation, increased the dosage of 5FU, she did not stop the leucovorin.  This was in contravention of Dr. Drabick's direction to her and the order on which Dr. Drabick signed off in Mr. Tsankis's medical record;

h.  It was evident on page 31 of 79 in the records provided by Defendant Lounsbery that Dr. Drabick signed the original order but that the increased dosage of 5FU to 500 mg/m2 without holding leucovorin was initialed by Dr. Daniels.  Dr. Drabick, being unaware of the change, did not co-initial or sign the amendment and would not have

co-initialed or signed the amendment unless the leucovorin was

simultaneously cancelled;

i.  Dr. Drabick was not informed of Dr. Daniels's alteration of the order

originally directed by Dr. Drabick until after Mr. Tsankis was

administered the medication;

j.  Review of the medication error by Walter Reed Army Medical Center

staff demonstrated that Dr. Drabick was never informed of the change

in the order and that there was no documentation to support that he

had been informed of or supported the order change;

k.  The medication change may not have caused Mr. Tsankis's injury, but

rather other preexisting conditions may have led to his injuries.

24.  Defendant Lounsbery thereafter filed an MMPR of Dr. Drabick with

the NPDB on April 27, 2009.   Defendant Lounsbery filed the MMPR of Dr.

Drabick notwithstanding the fact that Dr. Drabick was never named as a defendant

in the Tsankis action, was not criticized anywhere within the complaint, had no

notice of or participation in the defense of the malpractice claim, and provided a

written statement demonstrating his absolute lack of substandard conduct.

25.  Defendant Lounsbery, within the MMPR pertaining to Dr. Drabick,

identified the "Specific Allegation" at issue in the Tsankis action as being "Wrong

dosage ordered of correct medication (326)." Defendant Lounsbery, within the

MMPR, further provided the following description "of the allegations and injuries

or illnesses upon which the action or claim was based:

> "On or about 15 March 2002, at Walter Reed Army Medical Center
> (MTF), Washington, DC, Dr. Joseph Drabick breached the standard of
> care by negligently failing to ensure that a chemotherapy drug dosage
> was correctly calculated, resulting in mucositis, enterocolitis, and
> pancytopenia, and the death of a patient."

26.     Defendant Lounsbery's description of the "allegations and injuries or

illnesses upon which the action or claim was based" in the MMPR regarding Dr.

Drabick was clearly erroneous.  To the contrary, the complaint and second

amended complaint filed in the Tsankis action identified that Dr. Daniels, not Dr.

Drabick, failed to follow the proper chemotherapy protocol.

27.     On or about April 28, 2009, Dr. Drabick was notified of the MMPR

(NPDB Report Number 5500000056258265).

28.     On July 15, 2009, Dr. Drabick submitted a responsive Subject

Statement to the NPDB and placed Report 5500000056258265 in disputed status,

challenging both the accuracy of the report and whether the report was submitted

in accordance with the NPDB reporting requirements.

29.     On May 11, 2009 and June 17, 2009, Dr. Drabick, through counsel,

requested that Defendant Lounsbery provide additional information to assess the

validity of the report of him to the NPDB, none of which was provided.

30.     Following Defendant Lounsbery's refusal to provide information to

assess the validity of the report of Dr. Drabick to the NPDB, Dr. Drabick requested

Secretarial Review of the disputed report on August 19, 2009 and that the report be

voided.

31.     By letter dated June 23, 2010, the Secretary issued its Secretarial

Review Decision denying Dr. Drabick's request that Report 5500000056258265 be

voided.  The Secretarial Review Decision further found no basis on which to

conclude that the Report should not have been filed in the NPDB or that the Report

is not accurate.  These Secretarial Review Decisions constitutes the agency's final

order.

32.     As a result of the foregoing action by the Secretary, the initial MMPR,

Dr. Drabick's Subject Statement, and the Secretarial Review Decision have been

entered in the NPDB for dissemination to all entities or queriers who have received

an NPDB report concerning Dr. Drabick in the past three years.  Further, the initial

MMPR, Dr. Drabick's Subject Statement, and the Secretarial Review Decision will

be disseminated to all future entities or queriers who request an NPDB Report on

Dr. Drabick.

33.     As a result of the dissemination of the foregoing NPDB report, and

unless enjoined by this Court, Dr. Drabick has and will suffer great and irreparable

harm to his reputation, business, trade, profession, or occupation, as well as harm

to his present and future business and professional relationships with hospitals,

clinical, PPO/HMO credentialing entities, malpractice insurance carriers, and other

such individuals and entities.

34.    Dr. Drabick has exhausted all administrative remedies available to

him, and no further right of agency review or appeal is available to Dr. Drabick

before HHS or the NPDB.

## COUNT I

35.    Paragraphs 1 through 34 are incorporated by reference as though set

forth herein at length.

36.    Defendants' actions with regard to NPDB Report Number

5500000056258265, the MMPR of Dr. Drabick, were unlawful in that those

actions were arbitrary, capricious, and abuse of discretion, or otherwise not in

accordance with law.

37.    Defendants United States Army, United States Army Medical

Command, Lounsbery, and Shoomaker improperly concluded that Dr. Drabick

committed an act that required to be reported to the NPDB and, instead, reported

Dr. Drabick in a manner that was arbitrary, capricious, an abuse of discretion, or

otherwise not in accordance with law.

38.    Defendants HHS, NPDB, and Sebelius improperly concluded that the

NPDB report submitted by Defendants United States Army, United States Army

Medical Command, Lounsbery, and Shoomaker was accurate and/or required to have been filed with the NPDB.  The Secretarial Review Decision denying Dr. Drabick's request to void NPDB Report 5500000056258265 was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

WHEREFORE, Joseph J. Drabick, M.D. respectfully requests as follows:

A.  That this court find the actions of Defendants to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

B.  That this court find and order that NPDB Report 5500000056258265, Dr. Drabick's Subject Statement, and the Secretarial Review Decision be removed from the NPDB and all past queriers be notified of such removal;

C.  That this court enjoin the Defendants and their successors from disseminating the information found in NPDB Report 5500000056258265, Dr. Drabick's Subject Statement, and the Secretarial Review Decision to any future queriers;

D.  That this court award Dr. Drabick his costs and attorney fees; and,

E.  That this court grant such other and further relief as the court deems just and proper.

## COUNT II

39.    Paragraphs 1 through 38 are incorporated by reference as though set forth herein at length.

40.    Dr. Drabick had a constitutionally protected interest in defending claims purportedly made against him in the Tsankis action.

41.    Dr. Drabick had a constitutionally protected interest in any report of him and claimed negligent conduct to the NPDB.

42.    Prior to agreeing to a settlement of the Tsankis action, Defendants United States Army, United States Army Medical Command, Lounsbery, and/or Shoomaker failed to provide Dr. Drabick with any notice of the purported claims against him, an ability to participate in the evaluation and defense of those claims, and an adequate opportunity to respond.

43.    Additionally, prior to any report of Dr. Drabick to the NPDB, Defendants United States Army, United States Army Medical Command, Lounsbery, and/or Shoomaker failed to provide Dr. Drabick with adequate notice of the report and an adequate opportunity to respond.

44.    Similarly, by settling the Tsankis action purportedly on behalf of Dr. Drabick with absolutely no notice or input from him in the defense of that case, Defendants United States Army, United States Army Medical Command, Lounsbery, and/or Shoomaker failed to provide Dr. Drabick with the necessary

notice and opportunity to respond prior to a determination that may have
necessitated an NPDB Report of him.

45.    Defendants HHS, Sebelius, and NPDB further failed to provide Dr.
Drabick with adequate notice of the MMPR and an adequate opportunity to
respond.

46.    Defendants' conduct violated 42 U.S.C. § 1983 in that the above-
described acts deprived Dr. Drabick of his property and/or liberty interests without
adequate procedural due process.

47.    Defendants' conduct violated 42 U.S.C. § 1983 in that the settlement
of the Tsankis action with absolutely no notice to or input from Dr. Drabick and
subsequent MMPR to the NPDB was arbitrary, capricious, and deprived Dr.
Drabick of substantive due process.

48.    The conduct of Defendants United States Army, United States Army
Medical Command, Lounsbery, and Shoomaker in denying Dr. Drabick a defense
to the Tsankis action violated 42 U.S.C. § 1983 and deprived Dr. Drabick of his
property and/or liberty interests without adequate procedural or substantive due
process.

49.    The conduct of Defendants United States Army, United States Army
Medical Command, Lounsbery, and Shoomaker was malicious and in willful
disregard of Dr. Drabick's rights.

50.   As a result of Defendants' actions, Dr. Drabick has suffered and will in the future continue to suffer increased malpractice insurance premiums, harm to reputation, lost income and benefits, loss of future income and/or earning capacity, embarrassment, emotional distress, and anxiety.

WHEREFORE, Dr. Drabick respectfully requests as follows:

A.   That this court find the actions of Defendants to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

B.   That this court find and order that NPDB Report 5500000056258265, Dr. Drabick's Subject Statement, and the Secretarial Review Decision be removed from the NPDB and all past queriers be notified of such removal;

C.   That this court enjoin the Defendants and their successors from disseminating the information found in NPDB Report 5500000056258265, Dr. Drabick's Subject Statement, and the Secretarial Review Decision to any future queriers;

D.   That this court award Dr. Drabick pecuniary, compensatory, and punitive damages;

E.   That this court award Dr. Drabick his costs and attorney fees; and,

-17-

F.      That this court grant such other and further relief as the court deems

just and proper.

Dated this 1st day of September, 2010

Jonathan

By: Stepanian, Esq.

Digitally signed by Jonathan Stepanian, Esq.
DN: cn=Jonathan Stepanian, Esq.,
o=McQuaide Blasko Law Offices, ou,
email=jbstepanian@mqblaw.com, c=US
Date: 2010.09.01 11:47:17 -04'00'

Jonathan B. Stepanian, Esq.
Attorney I.D. 89147
jbstepanian@mqblaw.com
McQuaide Blasko Law Offices
600 Centerview Drive, Suite 5103
Hershey, PA  17033
(717) 531-1199
FAX (717) 531-1193